## FISH *v.* HODSDON.

### *(City Court of New York, General Term.* October 29, 1891.)

FACTORS AND BROKERS—COMMISSIONS—ACTIONS—EVIDENCE.

In an action by a broker for commissions for drawing leases of his principal's property, it was shown that he had power of attorney to collect rents and execute leases of other property for the compensation of 5 per cent., and he admitted that he had charge of the property concerned in this action on the same terms. It was shown that he had collected the rents and retained a commission of 5 per cent. *Held,* that a verdict for defendant was properly directed.

Appeal from trial term.

Action by Ferdinand Fish against William Hodsdon. There was judgment for defendant, and plaintiff appeals.

Argued before EHRLICH, C. J., and NEWBURGHER, J.

*Frederick Littlefield,* for appellant. *F. G. Wild* and *George McAdam,* for respondent.

NEWBURGHER, J. This action is brought to recover commissions of $2\frac{1}{2}$ per cent. for leasing certain real estate belonging to the defendant. The defendant, in his answer, among other things, pleads payment. It appears that the plaintiff acted as real-estate agent for the defendant from February, 1885, to April, 1888, under several powers of attorney, which authorized him to take charge of and assume general management of Nos. 85, 87, and 89 Broad street, and to negotiate for the leasing of the stores and rooms in said buildings, to prepare the necessary leases, and to collect the rents, for which services he was to receive a commission of 5 per cent. In 1887 defendant bought the property No. 125 Chambers street, and the plaintiff was employed to collect the rents of the premises. In pursuance of such employment, plaintiff let the premises, collected the rents, and duly accounted for the moneys so collected, and deducted the commission of 5 per cent. for collections, and no deduction was ever made for any commissions for the letting of the premises. At the close of the evidence a verdict was directed in favor of the defendant, to which an exception was duly taken. The verdict was properly directed. The two powers of attorney under which the plaintiff acted not only provided for the collection of the rent, but also for the letting of the premises, and the drawing of the necessary leases, for which services he was to receive 5 per cent. The compensation was not only for the collection of the rents, but for all the services plaintiff rendered under such power of attorney. As to the Chambers-Street property, plaintiff admitted that he acted upon the same terms as to the Broad-Street property. There being no conflict of evidence, the direction by the trial justice was proper. Judgment affirmed, with costs.